

280 N. Old Woodward
Suite 400
Birmingham, MI 48009
248.645.0000

48 S. Main Street
Suite 2
Mt. Clemens, MI 48043
586.469.1580
www.khvpf.com

December 19, 2023

*Via CM/ECF*

Hon. George C. Hanks
c/o Byron Thomas, Case Manager
United States Courthouse
515 Rusk Street, Room 5300
Houston, TX 77002
cm4147@txs.uscourts.gov

    Re: Request for Premotion Conference per Court Procedure § 6.B,
      *Ledge Lounger, Inc. v. Global Lift Corp.*, Case No. 4:23-cv-04258

  Defendant Global Lift Corp. ("Global") requests a pre-motion conference regarding a planned motion to dismiss or transfer venue to the Eastern District of Michigan, Northern Division. The parties met and conferred on December 13, 2023 regarding Global's anticipated motion. On December 14, Plaintiff expressed its opposition to the relief sought.

  Earlier this year, Plaintiff sent Global a threat letter, claiming that it had trademark rights in the design of a pool lounge chair. As described that trademark would effectively prevent *any* competitor from selling *any* lounge chair with a curved seat. Global denies that its product infringes the trademark, and filed a cancellation action with the USPTO. Days later, Plaintiff filed this action. The basis of Global's proposed motion is as follows:

  **First**, Plaintiff's boilerplate complaint fails to satisfy its burden of stating a *prima facie* case of personal jurisdiction. *See Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). Under controlling authority, conclusory allegations cannot be credited—whether or not the opposing party submits evidence on the jurisdictional issue. Here, Plaintiff alleges only a single paragraph alleging on "information and belief" that Global's products are in the "stream of commerce" and have been sold in this district. There

are no facts alleged to support this conclusory, speculative pleading—and similarly speculative pleadings have been rejected by several courts in this Circuit.

**Second**, this case belongs in Global's home jurisdiction: the Eastern District of Michigan, Northern Division. If the Court agrees that Plaintiff failed to meet its burden to plead personal jurisdiction, the Court—rather than dismissing—should transfer the case to the Eastern District of Michigan. But transfer is also warranted regardless of the personal jurisdiction question under the general venue transfer statute of 28 U.S.C. § 1404(a).

Under § 1404(a), the Court looks to several factors in deciding whether a transfer is appropriate. *See*, *e.g.*, *In re TikTok, Inc.,* 85 F.4th 352 (5th Cir. 2023). In a trademark infringement case, one of the "most important" and often the "critical and controlling" factor in deciding a venue transfer motion is the alleged infringer's principal place of business, because such lawsuits focus on the "activities of the alleged infringer, its employees, and its documents." *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 792 (S.D. Tex. 2005) (citing cases). This is particularly so when the plaintiff's jurisdictional basis for suing in the initial forum is that some sales of the infringing product allegedly happened there; that sort of interest is no greater to the Southern District of Texas than it would be to any other district where sales were allegedly made. *PuraPharm Int'l (H.K.) Ltd. v. PurePharma, Inc.*, 2015 WL 1808582, at *4 (S.D. Tex. Apr. 20, 2015).

Here, Global's only facilities are in the Eastern District of Michigan, and its accused product was conceived, designed, and manufactured there. *See* Ex. A, Steinman Decl. As to the other factors, the key documents are in Michigan; Michigan is more convenient for willing witnesses; other key witnesses are within the Eastern District of Michigan's subpoena range; that district has less-congested dockets; and transfer will obviate the need for expensive and wasteful jurisdictional discovery. All the factors that favor one jurisdiction over the other weigh in favor of transfer to the Eastern District of Michigan.

***Third***, if the Court did not transfer or dismiss on jurisdictional grounds, it should dismiss Plaintiff's trade dress claims under Rule 12(b)(6). A party must make plausible, non-conclusory allegations to support a trade-dress claim, including facts showing that the alleged trade dress has acquired distinctiveness through secondary meaning, is non-functional and non-generic, and it must explain how the trade dress was infringed. *See Express Lien, Inc. v. Handle, Inc.*, 2020 WL 1030847, at *12 (E.D. La. Mar. 3, 2020) (citing cases); *Bayco Products, Inc. v. Lynch*, 2011 WL 1602571, at *9 (N.D. Tex. Apr. 28, 2011).

Here, Plaintiff offers no such plausible facts. It alleges, in general terms, that its trade dress drives sales and is recognizable, but courts routinely dismiss those sorts of allegations as conclusory. Plaintiff makes only two brief, conclusory references to its dress being "non-functional," but it does not explain how that is so—something of particular concern when the trade dress is the quintessentially functional shape of a chair's seating section. The Complaint does not explain how Global's product creates a likelihood of confusion with Plaintiff's trade dress. And the Complaint itself pleads facts *demonstrating* that the asserted trade dress is a generic, unprotectable design feature. If the Court does not transfer the case, it should dismiss the trade dress claims.

Sincerely,

Thomas J. Davis
Counsel for Defendant Global Lift Corp.

Att.

504499