# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **Ledge Lounger, Inc.** | |
| **Plaintiff,** | **Case No. 4:23-cv-04258** |
| **v.** | **Defendant Global Lift Corp.'s Motion to Dismiss or Transfer** |
| **Global Lift Corp.,** **d/b/a Global Pool Products,** | |
| **Defendant.** | |

## Defendant Global Lift Corp.'s Reply in Support of Motion to Dismiss or Transfer

## Table of Contents

Table of Authorities ........................................................................................................ ii

Summary of Reply Brief Argument ................................................................................. 1

Argument ......................................................................................................................... 2

I.      Plaintiff's brief improperly argues that Global must *disprove*
        jurisdiction, while confirming that its own jurisdictional allegations
        rely on speculation. .......................................................................................... 2

II.     The Court should transfer this case to the Eastern District of
        Michigan, either because of the lack of personal jurisdiction or under
        the § 1404(a) factors. ....................................................................................... 4

        1.      The alleged wrong occurred in Michigan ..................................... 4

        2.      Plaintiff offers no legal basis to dispute that the relevant
                witnesses and documents are in Michigan, not Texas. ................. 6

        3.      Plaintiff concedes that litigation in Texas will require
                jurisdictional discovery. .............................................................. 6

        4.      The other factors are, at best, neutral. ......................................... 7

III.    Plaintiff does not dispute any of the relevant law on trade dress
        claims, and still fails to point to anything but bare conclusions to
        support its assertions. ....................................................................................... 7

        1.      Plaintiff's mere pleading of trademark registration does not
                raise a plausible claim for relief. ................................................ 8

        2.      Plaintiff offers only conclusory statements about secondary
                distinctiveness, non-functionality, and infringement. ................. 9

Conclusion ................................................................................................................... 10

# Table of Authorities

**Cases**

*Amazing Spaces, Inc. v. Metro Mini Storage*,
    608 F.3d 225 (5th Cir. 2010) ...................................................................................8, 9

*Asarco, Inc. v. Glenara, Ltd.*,
    912 F.2d 784 (5th Cir. 1990) .......................................................................................3

*Ashcroft v. Iqbal*,
    *556 U.S. 662 (2009)* .................................................................................................3, 8

*Bayco Products, Inc. v. Lynch*,
    2011 WL 1602571 (N.D. Tex. Apr. 28, 2011) .............................................................9

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007).................................................................................................3, 8

*Beydoun v. Wataniya Rests. Holding, Q.S.C.*,
    768 F.3d 499 (6th Cir. 2014) .......................................................................................2

*Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels.*,
    1 F.4th 346 (5th Cir. 2021) ..........................................................................................2

*Express Lien, Inc. v. Handle, Inc.*,
    2020 WL 1030847 (E.D. La. Mar. 3, 2020) .................................................................9

*Farmer Boys' Catfish Kitchens Int'l, Inc. v. Golden West Wholesale Meats, Inc*.,
    18 F. Supp. 2d 656 (E.D. Tex. 1998)...........................................................................2

*Fielding v. Hubert Burda Media, Inc.*,
    415 F.3d 419 (5th Cir. 2005) .......................................................................................2

*In re TikTok, Inc.*,
    85 F.4th 352 (5th Cir. 2023) ....................................................................................4, 7

*In re Triton Ltd. Sec. Litig.*,
    70 F. Supp. 2d 678 (E.D. Tex. 1999)...........................................................................4

*Johnson v. Johnson*,
    385 F.3d 503 (5th Cir. 2004) .......................................................................................3

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
    253 F.3d 865 (5th Cir. 2001) ...................................................................................2, 3

*PuraPharm Int'l (H.K.) Ltd. v. PurePharma, Inc.*,
   2015 WL 1808582 (S.D. Tex. Apr. 20, 2015) .................................................. 6

*Salermo v. Hughes Watters & Askanase LLP*,
   516 F. Supp. 3d 696 (S.D. Tex. 2021) .......................................................... 3

*Seiferth v. Helicopteros Atuneros, Inc.*,
   472 F.3d 266 (5th Cir. 2006) ........................................................................ 2

*Spiegelberg v. Collegiate Licensing Co.*,
   402 F. Supp. 2d 786 (S.D. Tex. 2005) ....................................................... 5, 6

*Weber v. PACT XPP Techs.*,
   811 F.3d 758 (5th Cir. 2016) ........................................................................ 5

**Statutes**

28 U.S.C. § 1406(a) ........................................................................................ 4

## Summary of Reply Brief Argument

Plaintiff's response brief effectively confirms that Global's motion to dismiss or transfer should be granted. On jurisdiction, Plaintiff concedes it has no facts to support its claim that Global has minimum contacts in Texas related to the allegedly infringing products, but wrongfully tries to salvage its claim by accusing Global of not disproving jurisdiction—which gets the burden backwards. Plaintiff also does not contest that transfer is the appropriate remedy if there is no personal jurisdiction—and that transfer under these circumstances does not require reference to the § 1404(a) factors.

Even if there were personal jurisdiction, however, Plaintiff has not rebutted Global's showing that this case belongs in Michigan under § 1404(a). On the key factor of the location of the alleged tort, the Complaint alleges conduct in Michigan. On the factors related to relevant evidence and witnesses, Global provided a declaration describing that evidence and the witnesses by name, all of whom are in or near Michigan. Plaintiff responded with legally-insufficient attorney argument that unnamed witnesses are in Texas (without explaining why those witnesses are more relevant than Global's witnesses in an infringement case). Plaintiff concedes that a messy jurisdictional fight would be avoided by transfer. And even Plaintiff admits that the other, relatively minor factors like docket congestion and choice of law are neutral at best.

Finally, if the Court did not transfer, it should dismiss the trade dress counts for failure to state a claim. Plaintiff has not provided facts supporting key elements of secondary distinctiveness, non-functionality, or infringement. Instead, it just repeats conclusory allegations of a type that courts in this district routinely reject.

-1-

## Argument

I.   **Plaintiff's brief improperly argues that Global must *disprove* jurisdiction, while confirming that its own jurisdictional allegations rely on speculation.**

As Global argued, Plaintiff has the burden of proving personal jurisdiction. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006). It must do so with non-conclusory factual allegations. *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels.*, 1 F.4th 346, 350 (5th Cir. 2021). Global has no duty to disprove Plaintiff's conclusory jurisdictional allegations or provide Plaintiff evidence of any kind. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001). Nor can Plaintiff drag Global into this forum without a preliminary showing of jurisdiction, and demand that it be allowed to fish for proof, post-hoc, in jurisdictional discovery. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005).

Reading Plaintiff's brief, however, one would think the law was just the opposite. Its primary argument is to argue that Global did not *disprove* jurisdiction and complains that Global did not acquiesce in providing Plaintiff jurisdictional discovery. R. Doc. 25, at 8-10, 13. Having said that, Plaintiff then concedes that it has *no* factual support for its claim that Global sold allegedly infringing product in Texas. Instead, it attaches a half-dozen inadmissible hearsay exhibits to its motion[1] claiming that a company named Texas

---

[1] Plaintiff, of course, cannot establish personal jurisdiction through inadmissible evidence. *See, e.g.*, *Farmer Boys' Catfish Kitchens Int'l, Inc. v. Golden West Wholesale Meats, Inc.*, 18 F. Supp. 2d 656, 661-62 (E.D. Tex. 1998) ("Generally, relying solely on unverified hearsay evidence will not pass the muster of the due process requirements" when responding to a Rule 12(b)(2) motion); *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 506 (6th Cir. 2014) (holding "it is improper for a court to consider hearsay statements when ruling on a motion to dismiss" under Rule 12(b)(2)).

Pool Supply "appears to be" a Global dealer and is in Texas, but then admits that Texas Pool Supply *does not* sell the allegedly infringing product. R. Doc. 25, at 10-11; R. Doc. 25-2. Plaintiff finishes by claiming that another, non-Texas company is a Global dealer, and that it "presumably" might ship to Texas. R. Doc. 25, at 11 n.2. Plaintiff has given away the game: all it had is presumption. That is not enough. Plaintiff was required to show that as of the time it filed the Complaint, there was personal jurisdiction. *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 n.1 (5th Cir. 1990). It has not.

Plaintiff also tries to salvage its case by arguing that conclusory, "information and belief" jurisdictional allegations are enough to make out its prima facie case. R. Doc. 25, at 11-12. It is wrong. Plaintiff ignores the controlling *Panda Brandywine* decision, which explicitly held that an "information and belief" pleading with "no other evidence of [defendant's] contacts with Texas related to [plaintiff's] claims" could not establish a *prima facie* case of personal jurisdiction. 253 F.3d at 867. Instead, Plaintiff cites *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004), for the proposition that "information and belief" pleading is acceptable. But *Johnson* addressed general pleading standards under Rule 12(b)(6); it did not involve personal jurisdiction or whether "information and belief" allegations are sufficient for a *prima facie* case of personal jurisdiction under Rule 12(b)(2), let alone overrule *Panda Brandywine*'s rejection of such allegations.[2]

---

[2]Plaintiff also ignores that *Johnson* predated the Supreme Court's 2007 and 2009 decisions in *Twombly* and *Iqbal*, which held that a party must plead plausible factual allegations in their complaints. Adding the label "information and belief" to a conclusory assertion no longer satisfies general pleading standards. *Salermo v. Hughes Watters & Askanase LLP*, 516 F. Supp. 3d 696, 710 (S.D. Tex. 2021) (citing *Twombly* and *Iqbal*).

Ultimately, Global cited controlling Fifth Circuit authority and a half-dozen district court cases all rejecting the precise gambit Plaintiff played here. Plaintiff does not cite even a single case finding *prima facie* jurisdiction through allegations like the ones it presents this Court. Plaintiff has not proven personal jurisdiction over Global.

## II.   The Court should transfer this case to the Eastern District of Michigan, either because of the lack of personal jurisdiction or under the § 1404(a) factors.

Plaintiff does not dispute that the Court may transfer this case to Michigan, rather than dismiss, if it lacks personal jurisdiction. *See* 28 U.S.C. § 1406(a). Nor does Plaintiff object to transfer over dismissal. Thus, the transfer issue should be simple: there is no personal jurisdiction in Texas, so transfer is warranted regardless of the § 1404(a) factors.

Nor has Plaintiff rebutted Global's evidence in support of a § 1404(a) transfer. In "reviewing the factors which weigh for or against a convenience transfer, this Court must look to the facts which are a matter of record," like affidavits, and "not merely to assertions in the attorneys' briefs." *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999). But attorney assertions are all Plaintiff offers. Global provided a sworn declaration supporting transfer, but Plaintiff did not. This Court should thus hold that Plaintiff failed to properly contest transfer, and transfer based on Global's evidence.

But even if the Court did not transfer (1) based on the lack of jurisdiction alone; or (2) because Plaintiff failed to offer countervailing evidence, the merits still favor transfer:

**1. The alleged wrong occurred in Michigan.** Plaintiff's brief largely elides the key issue for transfer: the place of the alleged wrong. *See, e.g.*, *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023). In a trademark infringement case, that is the location of

the alleged infringer's principal place of business. *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 792 (S.D. Tex. 2005) (citing cases).[3] Rather than address these authorities, Plaintiff cites an unpublished New York case suggesting Texas is the relevant place of the harm because "an infringing sale" was made in Texas. R. Doc. 25, at 17.

Not only does Plaintiff ignore Texas law, it misreads the New York law. That case cited a hornbook stating that the location of a tort is the place where the last act necessary for liability occurs. In a trademark case, the "last event necessary to make the accused infringer liable is the act of selling **or** advertising goods or services in connection with the allegedly infringing mark." 6 McCarthy on Trademarks and Unfair Competition § 32:38.40 (5th ed.). And here, advertising is the relevant "last" act. Plaintiff admits that Global does not sell its products directly in Texas and does not identify even an indirect sale made in Texas. Instead, the only specific acts Plaintiff complains about are Global's website advertisement and promotion of allegedly infringing lounge chairs, from Michigan. *See, e.g.*, Compl. ¶¶ 26-30. Thus, even under Plaintiff's authority, and even if Plaintiff had alleged actual sales in Texas, those sales would *not* have been the "last event" necessary to cause infringement. It would have been Michigan-based advertising.

This logic is why courts in this district have rejected the jurisdictional relevance of even *confirmed* sales of allegedly infringing goods in Texas when the alleged sales are nationwide rather than Texas-specific; in these cases, infringement occurs before a sale would ever be made. *See PuraPharm Int'l (H.K.) Ltd. v. PurePharma, Inc.*, 2015 WL

---

[3] Plaintiff's contrary suggestion that suing in its "home" forum is somehow dispositive is wrong. A plaintiff's choice of forum is only given "some—significant but not determinative—weight." *Weber v. PACT XPP Techs.*, 811 F.3d 758, 767 (5th Cir. 2016).

1808582, at *4 (S.D. Tex. Apr. 20, 2015). So too here. Plaintiff did not sue because it saw Global's products on a Texas store shelf. It sued because it saw Global's website promotion and wanted to quash Global's perceived competitive product *before* Global could make sales. Plaintiff is complaining about an injury that occurred in Michigan.

**2. Plaintiff offers no legal basis to dispute that the relevant witnesses and documents are in Michigan, not Texas.** Three other, interrelated factors—the location of evidence, willing witnesses, and non-willing witnesses—all favor Michigan as well. Global provided a sworn declaration outlining these facts, identifying key witnesses by name and explaining their relevance. By contrast, Plaintiff makes bare, perfunctory assertions that (unnamed) witnesses and documents in Texas will prove Plaintiff's development and sale of its own product. These conclusory assertions are entitled to no weight. *See supra* at 4. And regardless, Plaintiff does not explain why those facts have any salient relevance here. At issue is Global's conduct, not Plaintiff's—and thus the most important witnesses and evidence will come from Global. *Spiegelberg*, 402 F. Supp. 2d at 792 (citing cases). Indeed, Plaintiff does not cite a single case holding that the relevant facts in a trademark infringement case are the plaintiff's marketing and sales efforts. These three factors all favor a transfer to Michigan.

**3. Plaintiff concedes that litigation in Texas will require jurisdictional discovery.** As Global anticipated, Plaintiff now demands wasteful jurisdictional discovery so that it can try to keep this case in Texas. R. Doc. 25, at 13, 16. But Plaintiff does not deny that jurisdictional discovery would be unnecessary in the Eastern District of Michigan, because Global is subject to suit there. It is thus undisputed that a transfer

-6-

will avoid the need for jurisdictional discovery and make resolution of this case more "easy, expeditious and inexpensive." This factor favors transfer,[4] and Plaintiff cites no countervailing "practical problems" that make Michigan an inappropriate forum.

**4. The other factors are, at best, neutral.** As to the remaining factors, Plaintiff's arguments—at best—are neutral and do not overcome the weighty factors favoring transfer. As to the relatively minor factor of court congestion, Plaintiff cherry-picks certain data and speculates that trial would take longer in Michigan. R. Doc. 25, at 16-17. Ultimately, though, the parties agree that this Court is in the best position to determine its own docket efficiency. The parties also agree that the "familiarity with governing law" and "conflict of laws" factors are neutral. None of these factors point towards Texas, and thus should not impact the transfer decision at all.

Ultimately, the critical factors, including the location of the harm and place of the most relevant evidence, all favor a transfer to Michigan. The Court should so transfer.

### III. Plaintiff does not dispute any of the relevant law on trade dress claims, and still fails to point to anything but bare conclusions to support its assertions.

Finally, Plaintiff offers no meaningful rebuttal to Global's argument that it failed to state plausible trade dress claims. It does not dispute *any* of the relevant substantive law cited by Global. Instead, Plaintiff (1) reasserts the conclusory statements in its Complaint; (2) argues—without authority—that those naked assertions are sufficient; and

---

[4]Plaintiff's legal rebuttal—that no case specifically says jurisdictional discovery is a factor—is silly. This factor is a catchall addressing "all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re TikTok*, 85 F.4th at 362. Plaintiff does not dispute that, all things being equal, a case that requires jurisdictional discovery will not be as easy, expeditious, or inexpensive as one that doesn't.

(3) improperly demands an opportunity to file an amended pleading. Plaintiff's position all but confirms what Global has argued: Plaintiff is improperly trying to assert rights to a curved chair seat, and cannot explain in any meaningful way what protectible trade dress could be at issue. Nor should amendment be allowed; the Court gave Plaintiff a chance to file an amended pleading at the pre-motion conference, and Plaintiff declined.

**1. Plaintiff's mere pleading of trademark registration does not raise a plausible claim for relief.** Plaintiff admits that trade-dress claims involving product design require proof of (1) distinctiveness acquired through secondary meaning; and (2) non-functionality. R. Doc. 25, at 20-22. Plaintiff does not dispute that *Amazing Spaces, Inc. v. Metro Mini Storage* held that when a trademark is not inherently distinctive—which, by definition, is true for all product design trade dress claims—registration merely reflects the PTO's opinion of secondary distinctiveness and is not proof of secondary distinctiveness itself. 608 F.3d 225, 239 (5th Cir. 2010). Yet Plaintiff still argues that its trademark registration is enough to state a claim for relief, discounting *Amazing Spaces* because it arose at the summary judgment stage. R. Doc. 25, at 14-15.

Plaintiff misses the point. To survive a motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. And a claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, Plaintiff cites only the fact of trademark registration in support of its registered trade dress claim. But *Amazing Spaces* specifically held that the uncontested fact of trademark registration is *not enough* to raise a triable

question of validity when a mark is not inherently distinctive. 608 F.3d at 237-39. It further held when a plaintiff raises "no fact issue… regarding the existence of secondary meaning," judgment is properly awarded to the defendant. *Id.* at 247-49.

Here, there is no dispute that product-design trade dress cannot be inherently distinctive, so to be valid there must be secondary distinctiveness. Even accepting as true Plaintiff's allegation of trademark registration, that fact alone is not enough to plausibly state a claim for relief under Fifth Circuit law. A plausible claim requires facts showing secondary distinctiveness for the trade dress, but Plaintiff has not pled any.

**2. Plaintiff offers only conclusory statements about secondary distinctiveness, non-functionality, and infringement.**   As explained in Global's brief, courts in this circuit "routinely dismiss claims when plaintiffs allege secondary meaning in only conclusory terms without additional facts." *Express Lien, Inc. v. Handle, Inc.*, 2020 WL 1030847, at *12 (E.D. La. Mar. 3, 2020) (citing cases). Bare statements like "trade dress drives Plaintiff's sales," Plaintiff has "an extensive history of selling and advertising," or Plaintiff spent "significant amounts of money" promoting trade dress fail to state a claim. *Id.* Similarly, a party does not plead plausible claims of non-functionality by making bare conclusory allegations that a design feature is not functional, or by attaching a picture of the purported product containing trade dress. *See Bayco Products, Inc. v. Lynch*, 2011 WL 1602571, at *9 (N.D. Tex. Apr. 28, 2011).

Plaintiff does not dispute this law. Instead, in a few scant paragraphs devoid of analysis, it recites threadbare conclusory assertions that are indistinguishable from those held insufficient in *Express Lien* and *Bayco*, including "Ledge Lounger has enjoyed

significant sales," "Ledge Lounger has invested tremendous resources in… advertising," and "Ledge alleged that its unregistered trade dress is non-functional." R. Doc. 25, at 21-22. This response confirms Global's point. Plaintiff's claims rest on a quintessential functional feature: the shape of a chair's seat. Despite facing a motion to dismiss, Plaintiff cannot explain in any meaningful way how its purported trade dress is secondarily distinctive or non-functional. And for the same reason, it cannot explain how Global allegedly infringed this indescribable, yet somehow non-functional and distinctive, feature. Plaintiff's Complaint does not state plausible trade dress allegations.

## Conclusion

Plaintiff has now had at least two chances to adequately plead jurisdiction. Because it failed to do so, this Court should transfer the case to Michigan—something the Court should do even if there were jurisdiction. But if the Court retained this case, it should dismiss the trade dress claims for failure to state a claim.

Respectfully submitted,

Andy Tindel
Texas State Bar No. 20054500
S.D. Tex. Bar No. 8015
MT² LAW GROUP
MANN | TINDELL | THOMPSON
112 E. Line St., Ste. 304
Tyler, TX 75702
Tel: (903) 596-0900
Fax: (903) 596-0909
atindel@andytindel.com

*/s/ Thomas J. Davis*
Thomas J. Davis (S.D. Tex. No. 3866112)
KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
Tel: (248) 645-0000
Fax: (248) 458-4581
tdavis@khvpf.com

Attorneys for Defendant

Dated: February 16, 2024

-10-

## Certificate of Service

I hereby certify that on February 16, 2024 I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/Thomas J. Davis
Thomas J. Davis (S.D. Tex. No. 3866112)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
Tel: (248) 645-0000
Fax: (248) 458-4581
Email: tdavis@khvpf.com

511192