IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Ledge Lounger, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-04258 |
| | § | |
| Global Lift Corp., | § | |
| | § | |
| Defendant. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
<u>UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE</u>**

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel or self-represented litigant who attended for each party. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.

The parties met by videoconference on February 14, 2024. Scott Burow attended on behalf of Plaintiff. Thomas J. Davis attended on behalf of the Defendant.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

Not applicable.

1

3.	Briefly describe what this case is about.

Ledge Lounger, Inc. ("Ledge Lounger") filed this suit alleging that Defendant, Global Lift Corp. ("Global"), infringes Plaintiff's registered and unregistered trade dress and has engaged in other acts of unfair competition.

Global's answer is not yet due as it has filed a motion to dismiss. But Global intends to deny the allegations, and it denies that it is subject to personal jurisdiction in this forum, and believes that this case should be transferred to the Eastern District of Michigan.

4.	Identify any issues as to service of process, personal jurisdiction, or venue.

Global has filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim and seeks to transfer the case to the Eastern District of Michigan. ECF 24. Ledge Lounger has filed an opposition. ECF 25.

5.	Federal jurisdiction.

a.	Specify the allegation of federal jurisdiction.

This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, and 1367(a).

b.	Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.

2

Global does not contest federal subject-matter jurisdiction over the federal trademark claims, or supplemental subject-matter jurisdiction over the other claims alleged.

c.      If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship. *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 fn.1 (5th Cir. 2020).

Not applicable.

6.      List anticipated additional parties that should be included, and by whom they are wanted.

No known additional parties at this time.

7.      List anticipated interventions.

No known interventions.

8.      Describe class-action or collective-action issues.

None.

3

9.     State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

The parties have agreed to exchange Rule 26(a) disclosures 30 days after Global's Answer is due.

10.    If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

The parties have a different understanding of what is being asked of the parties in this paragraph.

Ledge Lounger agrees to submit claims for attorneys' fees to the court for resolution on affidavits or declarations after the other issues in the case are resolved.

Global denies that there is any valid claim for attorneys' fees to be made, and to the extent that fees may be awardable due to discovery sanctions, vexatious litigation, or other similar bases, Global believes that such issues should not be delayed until the end of the case.

11.    Describe the proposed discovery plan, including:

a.     Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.

Subjects on which discovery may be needed:

4

- Trade dress protectability or non-protectability (secondary meaning, non-functionality)
- Trade dress infringement (likelihood of confusion)
- Trade dress fame
- Trade dress dilution
- Unjust Enrichment
- Damages
- Other issues raised (if any) in Global's responsive pleading, which is not yet due.

Agreements concerning electronic discovery and other discovery:

- To the extent this matter is not dismissed or transferred, the parties agree to work out a plan for the production of ESI discovery and, if necessary, will submit a joint proposed order related to ESI discovery.
- Proposed discovery schedule:

    Fact discovery begins: <u>thirty (30) days after Global's answer is due.</u>

    Fact discovery ends: <u>twelve (12) months after Global's answer is due</u>.

    Expert discovery end: <u>fifteen (15) months after Global's answer is due</u>.

    Dispositive motions deadline: <u>seventeen (17) months after Global's answer is due.</u>

    Joint Pretrial Order and Motion in Limine: <u>twenty (20) months after Global's answer is due</u>.

- The parties agree that the disclosure of privileged or protected information does not operate as a waiver per Fed. R. Evid. 502(d), and will seek entry of a protective order incorporating the Rule 502(d) standard.

Whether changes should be made in the limitations on discovery imposed by the Fed. R. Civ. P. or local rule:

The parties agree that no changes should be made.

B. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

Personal jurisdiction is a threshold issue that should be scheduled for early resolution.

Ledge Lounger seeks targeted jurisdictional discovery relating to sales of the accused product by Global to its Texas dealers, as well as the identity of Global's dealers and manufacturer's representatives.

Global objects to jurisdictional discovery as inappropriate—as set forth in its briefing on the motion to dismiss or transfer—and will oppose any motion by Ledge Lounger seeking jurisdictional discovery.

12. Experts

A. Are experts needed on issues other than attorneys' fees?

Both parties anticipate using an expert witness.

B. If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.

Not applicable.

C. The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B)

Date: Thirteen (13) months after Global's answer is due.

D. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B)

Date: Fourteen (14) months after Global's answer is due.

13. State the date discovery can reasonably be completed.

Date: Fifteen (15) months after Global's answer is due.

14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

In paragraph 10, the parties have differing views as to what is being asked of the parties in that paragraph. The parties have provided their separate responses in paragraph 10.

15. Specify the discovery beyond initial disclosures that has been undertaken to date.

No discovery has been undertaken to date.

16. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

The parties have had preliminary discussions related to a resolution of the case, and will continue to discuss the same in good faith.

17. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

The parties are amenable to facilitated mediation.

18. With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison.

The parties do not consent to trial before Judge Edison.

19. State whether a jury demand has been made and if it was made on time.

Plaintiff timely demanded a jury in its Complaint.

20. Specify the number of hours it will likely take to present the evidence.

Until the pleadings close, the parties cannot estimate how long the parties will need to present the evidence, but the parties currently anticipate that at least 40 hours will be needed.

21. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

Before Magistrate Judge Edison, there are no pending motions.

22. List other pending motions.

Before Judge Hanks is Global's motion to dismiss for lack of personal jurisdiction and failure to state a claim and/or transfer. ECF 24.

23. List issues or matters, including discovery, that should be addressed at the conference.

No other issues or matters.

24. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.

The parties certify that they have filed Disclosure of Interested Parties. Ledge Lounger filed its disclosure on November 27, 2023, ECF8. Global filed its disclosure on December 5, 2023, ECF13.

DATE: February 23, 2024

| | |
|---|---|
| BANNER & WITCOFF, LTD. | KIENBAUM HARDY |
| By: /s/ Scott A. Burow | By: /s/ Thomas J. Davis |
| Scott A. Burow (admitted in the Southern District of Texas) | Thomas J. Davis (S.D. Tex. No. 3866112) |
| Attorney-In-Charge | Kienbaum Hardy |
| Illinois Bar No. 6242616 | Viviano Pelton & Forrest, P.L.C. |
| Southern District of Texas Bar No. 3468321 | 280 N. Old Woodward Avenue, Suite 400 |
| sburow@bannerwitcoff.com | Birmingham, MI 48009 |
| BANNER & WITCOFF, LTD. | Tel: (248) 645-0000 |
| 71 South Wacker Drive, Suite 3600 | Fax: (248) 458-4581 |
| Chicago, IL 60606 | Email: tdavis@khvpf.com |
| Telephone: (312) 463-5000 | |
| Facsimile: (312) 463-5001 | ATTORNEY FOR DEFENDANT |

Matthew P. Becker (admitted *pro hac vice*)
Illinois Bar No. 6255614
mbecker@bannerwitcoff.com
Christian T. Wolfgram (admitted *pro hac vice*)
Illinois Bar No. 6333565
cwolfgram@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 S. Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

ATTORNEYS FOR PLAINTIFF
LEDGE LOUNGER, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 23, 2024, the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, thereby effecting service upon all counsel of record through the Notice of Electronic Filing issued by the system.

                                                                       */s/ Scott A. Burow*
                                                                       Scott A. Burow